IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

KENDRA FOUSE,                        :     COMPLAINT – CIVIL ACTION
                                     :              2:22-cv-997
          Plaintiff,                 :
                                     :
vs.                                  :
                                     :     JURY TRIAL DEMANDED
EBAY INC.,                           :
                                     :
          Defendant.                 :
                                     :
                                     :
                                     :
                                     :

**COMPLAINT IN A CIVIL ACTION**

AND NOW, comes the Plaintiff, KENDRA FOUSE, by and through her attorneys, and files the within Complaint in a Civil Action, averring as follows:

**INTRODUCTION**

1.      This Complaint in a Civil Action involves claims for personal injuries and damages resulting from the sale of a dangerous and defective electric scooter.

2.      On or about December 13, 2021, Plaintiff, Kendra Fouse, sustained serious personal injuries and damages, when the handlebars of the electric scooter she was operating collapsed suddenly, causing her to lose her balance, fall, and suffer injuries including a trimalleolar right ankle fracture that required surgical repair with metal plates and numerous screws.

3.      The electric scooter she was operating is believed to be an Iwheels brand "D8 Pro" model electric scooter.

4.     The electric scooter was purchased from Defendant, eBay Inc., and an otherwise anonymous eBay user using the name "fast-trust".

5.     As described herein, Defendant, eBay Inc., was intimately involved in the sale of the defective electric scooter to Plaintiff, Kendra Fouse, and Defendant profited therefrom.

6.     As such, Plaintiff brings the instant Complaint in a Civil Action to hold Defendant, eBay, Inc., liable for the injuries and the damages she has suffered.

## PARTIES

7.     Plaintiff, Kendra Fouse, is an adult individual who at all times material hereto resided at 264 Ridge Avenue, Apartment B, New Kensington, Westmoreland County, Pennsylvania.

8.     Defendant, eBay, Inc., (hereinafter "eBay" or "Defendant eBay" or "eBay Defendant") is a Delaware corporation having a principal place of business located at 2025 Hamilton Avenue, San Jose, California 95125.

9.     At all times material hereto, Defendant eBay promoted, advertised, warranted, controlled the manner of communication concerning the product, facilitated the sales transaction of, and sold the electric scooter at issue in this case.

10.     At all times material hereto, Defendant eBay regularly trades and conducts business in the Commonwealth of Pennsylvania and Westmoreland County.

11.     After reasonable investigation, Plaintiff, Kendra Fouse, has been unable to identify, locate contact information, or discern a place of operation for the manufacturer of the electric scooter at issue.

12.     After reasonable investigation, Plaintiff, Kendra Fouse, has been unable to identify, locate contact information, or discern a place of operations for "fast-trust".

13.     Plaintiff, Kendra Fouse, reserves the right to amend her Complaint to add additional causes of action and/or additional defendants if their identities and whereabouts become known.

## JURISDICTION AND VENUE

14.     This Honorable Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the Plaintiff is a citizen of the Commonwealth of Pennsylvania, Defendant eBay is a Delaware business entity that maintains a principal place of business in California, and the amount of damages sought by Plaintiff exceeds the sum or value of $75,000.00 exclusive of interest, attorney's fees, and costs.

15.     Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 USCS §1391(b)(2) as the underlying incident and injuries giving rise to this action occurred in Westmoreland County, Pennsylvania, which is located within the jurisdictional territory of this Honorable Court.

## BACKGROUND

16.     It seems like electric scooters are everywhere in this country. "E-scooters" as these products are commonly known, have exploded in popularity and sale in the United States.

17.     E-scooters typically have two wheels, spanned by a base where the rider stands, and are controlled with handlebars having hand-operated throttle and brake. Many e-scooter models are lightweight and designed to be folded down for easy transport or storage.

18.     Many e-scooters are to be operated on the roadways as opposed to sidewalks and can be used in poor weather conditions like rain, cold, and light snow.

19.     People of differing ages and abilities have turned to e-scooters for a myriad of reasons, such as a cheaper commute, convenience, portability, lack of public transportation

options, inability to afford a vehicle, decreased personal mobility due to a disability, for simple

fun, and other reasons.

20.     A recent article published the *Wall Street Journal* describes the surge of

e-scooters' popularity[1]:

> Sky-high gasoline prices, new commuting habits and a tough car-buying market
> are sending more people shopping for electric scooters.
>
> Miami e-scooter marketplace and manufacturer Fluidfreeride has sold more than
> twice as many units this month compared with last, founder Julian Fernau says.
> Sales are 70% higher than in March 2021, he added, and website traffic is up
> about 30% since gasoline prices began to shoot up at the fastest rate on record
> earlier this month. At Bird, another manufacturer, sales have increased 60% and
> website traffic is up 30% during the same time, according to a spokeswoman.
> Interest in e-scooters and similar e-bikes, which are just like the original versions
> only with a motor, has been rising for a couple of years, as supply issues have hurt
> car availability and commuting habits have changed during the pandemic. That
> interest has been supercharged more recently by pain at the pump. Some people
> have been thinking about buying an e-scooter for years; others had never even
> ridden before, but now say they want to scoot, instead of drive, to their office,
> grocery store or friends' houses.

21.     On-line communities on sites like Reddit and Facebook have ballooned in

popularity, providing e-scooter enthusiasts with forums to rate products, help with repairs, and

seek answers to their e-scooting questions.

22.     Lime, Bird, Spin, E-Scooter, and numerous other companies have launched

e-scooter sharing and rental services in cities throughout the country and the world. A user,

having a designated mobile application containing their payment information, can ride a scooter

most-any place they need to go and be billed accordingly.

23.     E-scooter sharing and rental services are not available everywhere as the option is

typically found in larger cities and urban areas. Nevertheless, for those who don't live in a city

where they can rent an e-scooter, or for those who simply want to own one, there are countless

---

[1] Wolfe, Rachel. "E-Scooters Are Having a Moment as Gas Prices Surge: Consumers, sick of paying premium prices at the pumps, increasingly rely on electric scooters to get around." The Wall Street Journal, March 28, 2022.

brands and models of e-scooters available on the market which can be shipped directly to the purchaser.

24.     Online retailers such as Amazon and Defendant eBay have countless e-scooter options available for purchase.

25.     Not all e-scooters are created equal. For instance, the Nami Burn-E, dubbed can reach speeds of approximately 60 miles per hour and travel up to 90 miles on a single charge. It carries a price tag of $4,499.00.

26.     There are also less expensive models available on the market to consumers, including several under $300.00. The GOTRAX Apex, for one, starts at $299. The Apex reaches a top speed of 16 miles per hour and travels 15 miles on a single charge.

27.     With the rise of popularity of e-scooters, injuries stemming from these devices have also increased.

28.     In 2007, the U.S. Consumer Product Safety Commission ("CPSC") studied emergency room treated injuries associated with powered scooters from July 1, 2003, through June 30, 2004.

29.     During that limited study period, an estimated 10,015 emergency room-treated injuries were determined to be powered scooter related.

30.     Of those, the scooter itself was one of the root causes.

31.     Handlebars coming loose or detaching, the issue here, was found to be one of the reasons the scooters were injuring people.

32.     Things have only gotten worse since then.

33.     A scoping review published in the *Journal of Injury Prevention* examined literature published between 2010 and 2020 concluded that electric scooters leave riders

vulnerable to traumatic injuries of varying severity. The findings suggested that the head, upper extremities, and lower extremities are particularly vulnerable[2].

34.     In 2021, the United States Consumer Product Safety Commission (CPSC) reported injury data on "micromobility" products (e-scooters, hoverboards, and e-bikes), including the following[3]:

    a.   There were more than 190,000 emergency room (ED) visits due to all micromobility products from 2017 through 2020.  ED visits had a steady 70% increase from 34,000 (2017), 44,000 (2018), 54,800 (2019) to 57,800 (2020).

    b.   Much of the increase between 2017 and later years was attributable to ED visits involving e-scooters, which rose three times as much, from 7,700 (2017), to 14,500 (2018), to 27,700 (2019) and 25,400 (2020).

    c.   Injuries happened most frequently to upper and lower limbs, as well as the head and the neck.

    d.   CPSC is aware of 71 fatalities associated with micromobility products from 2017 through 2020, although reporting is incomplete.

35.     In terms of root causes of the failures, electrical and mechanical failures of the scooters themselves can be to blame[4].

36.     Prior lawsuits concerning e-scooters put Defendant on notice of the risks and compelled action.

37.     Recent lawsuits against some e-scooter vendors allege that malfunctioning brakes, sudden accelerations, and faulty throttles, handlebars, and wheels have caused many dozens of riders to be thrown off the two-wheel devices and become injured, some seriously.

---

[2] Toofany M, Mohsenian S, Shum LK, *et al*. Injury patterns and circumstances associated with electric scooter collisions: a scoping review. Injury Prevention 2021;27:490-499.
[3] "Injuries Using E-Scooters, E-Bikes and Hoverboards Jump 70% During the Past Four Years." United States Consumer Product Safety Commission, September 30, 2021.
[4] *Id.*

38.     As but one example, in one suit, the Plaintiff alleged that she was thrown from the scooter and sustained severe injuries, because the scooter folded while in motion due to the lack of a locking mechanism.

39.     Indeed, even before e-scooters were as prevalent as they are today, Defendant was on notice of the risks at issue in this case.

40.     From recalls, to studies, to lawsuits, Defendants knew handlebar failures could cause serious injuries, and thus, they needed to be designed safely, consumers warned, and steps taken to assure their safety.

41.     Thus, Defendant has known or should have known of the risks.

42.     Defendant has had over a decade to address the dangers at issue in this case.

43.     Defendant chose instead to ignore the risks to consumers from whom it profits, notwithstanding the many options available to it to protect buyers.

44.     Defendant eBay can exert control and influence its users, and the products that are bought and sold on its platform to prevent e-scooter injuries, like the one described in this case.

45.     Defendant eBay requires its users to register and it can control how much information users are able to know about one another, such as their identities, locations, and other potentially important information. In many instances, users' real identities won't be known to buyers of items.

46.     Defendant eBay requires users to communicate through its messaging service and can designate the payment methods allowed for transactions.

47.     Defendant eBay can affect a user's rating which can signal to other users to expect a positive or negative transaction.

48.     Defendant eBay can vet products, place requirements on listings, and mandate heightened eligibility requirements of users that sell certain products.

49.     Defendant eBay has published a "Product safety policy" which states, "[p]roducts that pose a health or safety hazard aren't allowed" and further, "[t]o ensure the safety and well-being of our members eBay does not allow listings for items that are banned, recalled or dangerous to a buyer."[5]

50.     Defendant requires items including cribs, child safety seats, hoverboards, self-balancing scooters, and components or parts, such as batteries and chargers, to meet certain safety standards.

51.     Defendant requires the listings for these items to specifically state whether the product meets the safety standard or include certification.

52.     Defendant eBay can prevent or halt the sale of products.

53.     For instance, the sale of used cribs, used helmets, and used child safety seats is prohibited on eBay's website.

54.     Nonetheless, eBay did not prohibit the sale of *any* e-scooters.

55.     Defendant can issue recall notices or safety notices to purchasers.

56.     It did not here.

57.     For certain products, Defendant imposes heightened eligibility requirements, mandates "business seller status", or "additional pre-approval requirements". Defendant even requires users to submit applications for some listings like refurbished products.[6]

---

[5] Product Safety Policy. Ebay Customer Service. Available<
https://www.ebay.com/help/policies/prohibited-restricted-items/product-safety-policy?id=4300>

[6] Products with eligibility requirements. eBay Customer Service. Available:
<https://www.ebay.com/help/policies/prohibited-restricted-items/products-require-preapproval-policy?id=5271>

58.     Defendant reserves a host of enforcement actions for users Defendant determines are not following its policies, stating:

> Activity that doesn't follow eBay policy could result in a range of actions including for example: administratively ending or canceling listings, hiding or demoting all listings from search results, lowering seller rating, buying or selling restrictions, and account suspension. All fees paid or payable in relation to listings or accounts on which we take any action will not be refunded or otherwise credited to your account.

59.     Despite the well-known risks and dangers associated with e-scooters, Defendant eBay took no action to further the safety of its consumers, including Plaintiff, Kendra Fouse, from dangerous and defective e-scooters.

60.     Instead, for years, Defendant eBay has sold countless dangerous and defective e-scooters to consumers and reaped the financial benefit therefrom.

61.     Unfortunately, Plaintiff Kendra Fouse, is one such consumer who sustained serious and permanent personal injuries and suffered significant damages, from a dangerous and defective e-scooter obtained from Defendant eBay. As such, Plaintiff brings the instant suit to recover for her injuries and damages.

## **FACTS**

62.     On or about August 20, 2021, Plaintiff, Kendra Fouse, used eBay's website to purchase an e-scooter.

63.     Plaintiff felt confident that she would receive a safe and quality product as eBay's site encouraged its users, like her, to "shop with confidence" and promoted a money back guarantee on its products.

64.     Defendant's safety policies further bolster a sense of confidence in its users, like the Plaintiff.

9

65.    On said date, the Plaintiff located a user on eBay's site under the name of "fast-trust" which advertised what is believed to be an Iwheels brand, model X8 Electric Scooter.

66.    This model was specifically advertised as being a "safe" product.

67.    Plaintiff purchased the X8 Electric Scooter and payment was submitted to eBay for the model in the amount of $359.82.

68.    Thereafter, Plaintiff received the X8 Electric Scooter and began using it.

69.    The X8 model is a "foldable" model that is designed to allow the handlebars to be folded down towards the foot stand of the scooter.

70.    To secure the handlebars in an upright position for use, the X8 model utilizes a "wingnut" style component on the front of the handlebar shaft. A photo of the component follows:



71.     However, in approximately early September 2021, while riding the X8 model, the foot stand suddenly broke away from the wheel and handlebar portion of the e-scooter.

72.     The handlebar did not fold-down in this incident and luckily, Plaintiff was not injured.

73.     Using eBay's messaging service, the Plaintiff contacted "fast-trust" and reported the incident.

74.     "Fast-trust" agreed to replace the scooter and sent what is believed to be an Iwheels brand, model D8 Pro e-scooter.

75.     The D8 Pro e-scooter was advertised on eBay's website as "ELECTRIC SCOOTER LONG RANGE FOLDING ADULT KICK E-SCOOTER SAFE URBAN COMMUTER" for $354.99.

76.     Again, eBay's site advertised "shop with confidence" thus making the Plaintiff feel that she would receive a quality and safe product.

77.     The D8 Pro model was delivered to Plaintiff on or about November 24, 2021.

78.     The D8 Pro model is similar in color and appearance to the previous X8 model.

79.     However, the D8 Pro model utilized a different design component to secure the handlebars in an upright position during use.

80.     Instead of a "wingnut", the D8 Pro model utilized the following mechanism to keep the handlebars upright and secure while in use:



81.     The Plaintiff used the D8 Pro model e-scooter on several occasions, mostly for short trips around her town.

82.     Then, in the early morning hours of December 13, 2021, Plaintiff was operating the D8 Pro e-scooter on 11th Street in New Kensington, Westmoreland County, Pennsylvania.

83.     It was cold at the time; however, no rain, snow, or ice existed on the roadway.

84.     Although it was dark, the Plaintiff had no trouble seeing the roadway ahead of her - the street was lit with some lights, the e-scooter was also equipped with a lamp, and the Plaintiff was using an additional ambient light.

85.     As Plaintiff operated the e-scooter on 11th Street, she came to a stop sign at the intersection with 4th Avenue.

86.     She brought the scooter to a stop and then proceeded forward safely along 11th Street.

87.     Shortly thereafter, without warning, the handlebars of the e-scooter collapsed suddenly, causing the Plaintiff to lose her balance, crash to the street, and sustain serious and permanent personal injuries described in more detail herein.

88.     The sudden failure of the above-pictured locking mechanism on the D8 Pro model, which improperly became unsecured, and permitted the handlebars to collapse while the e-scooter was in use caused Plaintiff's injuries.

89.     Said failure caused the Plaintiff to sustain serious and permanent injuries, including, but not limited to the following:

    a.  Tri-malleolar fracture of the right ankle;

    b.  Surgical procedure for open reduction and internal fixation of the right ankle tri-malleolar fracture;

    c.  Severe pain;

    d.  Swelling;

    e.  Numbness in lower right extremity;

    f.  Limited strength, range of motion, and movement;

    g.  Limited ability to stand, walk, and run;

    h.  Permanent scarring and disfigurement;

    i.  Contusions and abrasions;

    j.  Emotional and mental distress;

    k.  Severe shock, strain, or sprain of the nerves, ligaments, tendons, tissues, vessels and muscles of the body and musculoskeletal system; and

    l.  Other serious, severe, and permanent injuries the extent of which are not know to the Plaintiff at this time.

90.     As a direct and proximate result of the above-described incident, Plaintiff, Kendra Fouse, has sustained the following damages:

    a.  She has endured and will continue to endure physical and mental pain, suffering, anguish, and inconvenience;

    b.  Embarrassment and humiliation;

    c.  Impairment of her general health, strength and vitality;

    d.  Loss of the ability to enjoy the pleasures of life;

    e.  Permanent scarring and disfigurement;

    f.  She has been and will be required to expend large sums of money in the future for medical attention, hospitalization, medical supplies, medical appliances, and various other medical services;

    g.  She has suffered various out of pocket expenses;

    h.  She has suffered a loss of wages and her earning power and capacity have been reduced and permanently impaired; and

    i.  Other losses which are not known to the Plaintiff at this time.

## COUNT I

## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

### Plaintiff, Kendra Fouse v. Defendant, eBay Inc.

91.     Plaintiff incorporates by reference paragraphs 1 through 90 herein of this Complaint as if set forth at full length.

92.     At all times material hereto, Defendant eBay promoted, advertised, warranted, facilitated the transaction, controlled the means of communication about the product, distributed, and/or sold the subject e-scooter expecting that it would reach consumers in the condition in

which it was designed, manufactured, and sold, and knowing or with reason to know, that it would be used without inspection for defects of any danger to Plaintiff.

93.     The subject e-scooter did in fact reach Plaintiff without substantial change in the condition in which Defendant eBay sold it.

94.     At the time of the incident, Plaintiff was using the subject e-scooter as it was intended to be used and according to its instructions.

95.     Defendant represented the product as safe and did not disclose any material risks, especially in any meaningful way.

96.     Defendant eBay is liable to Plaintiff because it failed to provide adequate warnings regarding the use and dangers of the e-scooter, causing it to be unreasonably dangerous to the intended user at the time it left Defendant's possession.

97.     The subject e-scooter was sold to Plaintiff with a dangerous and defective condition making it unreasonably dangerous, defective, and unsafe for its intended use.

98.     Defendant eBay, as a merchant of the subject e-scooter, is held to the level of knowledge of an expert in the field, and knew or should have known that the subject e-scooter was dangerous, defective, and unsafe for its intended use.

99.     Despite its knowledge of the dangers associated with the use of the subject e-scooter, Defendant eBay promoted, advertised, warranted, facilitated the transaction, controlled the means of communication about the product, distributed, and/or sold the e-scooter without adequate information and data.

100.    Defendant eBay failed to provide any warnings of a possible defect or dangerous condition of the e-scooter.

101.    Defendant failed to provide any warnings of the risks at issue.

102.    Defendant failed to provide any instructions for safe use of the product.

103.    Defendant failed to conduct any evaluation, let alone testing, of the e-Scooters it sold.

104.    Defendant eBay knew or should have known that consumers, including Plaintiff, would foreseeably suffer injury as a result of its failures.

105.    As a direct and proximate result of Defendant eBay's actions and inactions as described above, Plaintiff sustained severe and permanent injuries, including, but not limited to the following:

   a.   Tri-malleolar fracture of the right ankle;

   b.   Surgical procedure for open reduction and internal fixation of the right ankle tri-malleolar fracture;

   c.   Severe pain;

   d.   Swelling;

   e.   Numbness in lower right extremity;

   f.   Limited strength, range of motion, and movement;

   g.   Limited ability to stand, walk, and run;

   h.   Permanent scarring and disfigurement;

   i.   Contusions and abrasions;

   j.   Emotional and mental distress;

   k.   Severe shock, strain, or sprain of the nerves, ligaments, tendons, tissues, vessels and muscles of the body and musculoskeletal system; and

   l.   Other serious, severe, and permanent injuries the extent of which are not know to the Plaintiff, Kendra Fouse, at this time.

106.    As a direct and proximate result of Defendant eBay's actions and inactions as described above, Plaintiff, Kendra Fouse, has sustained the following damages:

    a.  She has endured and will continue to endure physical and mental pain, suffering, anguish, and inconvenience;

    b.  Embarrassment and humiliation;

    c.  Impairment of her general health, strength and vitality;

    d.  Loss of the ability to enjoy the pleasures of life;

    e.  Permanent scarring and disfigurement;

    f.  She has been and will be required to expend large sums of money in the future for medical attention, hospitalization, medical supplies, medical appliances, and various other medical services;

    g.  She has suffered various out of pocket expenses;

    h.  She has suffered a loss of wages and her earning power and capacity have been reduced and permanently impaired; and

    i.  Other losses which are not known to the Plaintiff at this time.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiff, Kendra Fouse, and against Defendant, eBay, in an amount in excess of the jurisdictional limits of this Honorable Court, plus court costs, attorneys fees, and any additional relief this Honorable Court deems appropriate.

## COUNT II

## STRICT PRODUCTS LIABILITY – DESIGN DEFECT

### Plaintiff, Kendra Fouse v. Defendant, eBay Inc.

107.    Plaintiff incorporates by reference paragraphs 1 through 106 herein of this Complaint as if set forth at full length.

108.    At all times material hereto, Defendant eBay was engaged in the business of designing, promoting, advertising, warranting, distributing, controlling the means of communication about the product, facilitating the sale of and/or selling e-scooters, including the e-scooter at issue in this case.

109.    The subject e-scooter was defectively designed, causing it to be unreasonably dangerous at the time it left the possession of the Defendant.

110.    The failure of the locking mechanism, which improperly became unsecured, and permitted the handlebars to collapse while the e-scooter was in use caused the Plaintiff to suffer serious and permanent injuries as described herein.

111.    The e-scooter was defective in design and unsafe, generally, and in the following non-exhaustive, illustrative respects:

    a.  In utilizing a mechanism to secure the handlebars in an upright position that was not able to be fastened in a secure manner such as with a "wing nut" or "nut and bolt" or "screw" component;

    b.  In utilizing a mechanism to secure the handlebars in an upright position that used a latch component that was easily opened and lacked sufficient tension or the ability to lock it in a closed position while in use;

    c.  In utilizing a mechanism to secure the handlebars in an upright position that used a latch component that could be easily opened through inadvertent contact with the user's legs or knees while in use;

    d.  In utilizing a mechanism to secure the handlebars in an upright position that used a secondary vertical latch that hinged below the joint which allowed it to come open easily with the force of gravity;

    e.  In failing to implement a means by which the secondary vertical latch could be securely locked, fastened, or prevented from opening;

    f.  In failing to use distinctive colors on its component pieces such that a user of the e-scooter could not easily observe that the mechanism was insufficiently closed/secured or had come open/unsecured;

g.  In failing to implement distinctive sounds, warnings, or alerts that would notify the user that the mechanism was insufficiently closed/secured or had come open/unsecured; and

h.  In failing to implement a "shut off" or other feature that would slow or stop the e-scooter if the mechanism was insufficiently closed/secured or had come open/unsecured.

112.  The potential for and seriousness of injury caused by the subject e-scooter significantly outweighs the burden or costs of taking additional safety precautions and/or alternative designs.

113.  Had a proper safety/hazard analysis been conducted of the e-scooter, its deficiencies, dangers, and defects would have been apparent.

114.  At least one alternative design for the e-scooter was available to Defendant at all times relevant hereto.

115.  In fact, there are many models that have true locking mechanisms that prevent the handlebars from folding down while riding the e-scooter. These many alternative designs were practical and feasible and would have reduced or eliminated the foreseeable risk of harm to Plaintiff, Kendra Fouse.

116.  The defective and dangerous e-scooter did not meet the expectations of an ordinary consumer, including the Plaintiff.

117.  The risks associated with use of the defective and dangerous e-scooter outweighed its benefits.

118.  The defective and dangerous e-scooter failed to include safer alternative components and/or systems to minimize the foreseeable risk of a sudden and unexpected collapse as occurred to the Plaintiff.

119.    As a direct and proximate result of the unreasonably dangerous and defective condition of the e-scooter as described herein, Plaintiff, Kendra Fouse, suffered severe and permanent injuries.

120.    Because of the unreasonably dangerous and defective condition of the subject e-scooter, Defendant eBay, breached common law product liability duties and is liable to Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

121.    As a direct and proximate result of Defendant eBay's actions and inactions as described above, Plaintiff sustained severe and permanent injuries, including, but not limited to the following:

    a.  Tri-malleolar fracture of the right ankle;

    b.  Surgical procedure for open reduction and internal fixation of the right ankle tri-malleolar fracture;

    c.  Severe pain;

    d.  Swelling;

    e.  Numbness in lower right extremity;

    f.  Limited strength, range of motion, and movement;

    g.  Limited ability to stand, walk, and run;

    h.  Permanent scarring and disfigurement;

    i.  Contusions and abrasions;

    j.  Emotional and mental distress;

    k.  Severe shock, strain, or sprain of the nerves, ligaments, tendons, tissues, vessels and muscles of the body and musculoskeletal system; and

    l.  Other serious, severe, and permanent injuries the extent of which are not know to the Plaintiff at this time.

122.    As a direct and proximate result of Defendant eBay's actions and inactions as described above, Plaintiff, Kendra Fouse, has sustained the following damages:

    a.  She has endured and will continue to endure physical and mental pain, suffering, anguish, and inconvenience;

    b.  Embarrassment and humiliation;

    c.  Impairment of her general health, strength and vitality;

    d.  Loss of the ability to enjoy the pleasures of life;

    e.  Permanent scarring and disfigurement;

    f.  She has been and will be required to expend large sums of money in the future for medical attention, hospitalization, medical supplies, medical appliances, and various other medical services;

    g.  She has suffered various out of pocket expenses;

    h.  She has suffered a loss of wages and her earning power and capacity have been reduced and permanently impaired; and

    i.  Other losses which are not known to the Plaintiff at this time.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiff, Kendra Fouse, and against Defendant eBay, in an amount in excess of the jurisdictional limits of this Honorable Court, plus court costs, attorney's fees, and any additional relief this Honorable Court deems appropriate.

## COUNT III

## NEGLIGENCE AND/OR RECKLESSNESS

### Plaintiff Kendra Fouse v. Defendant, eBay Inc.

123.    Plaintiff incorporates by reference paragraphs 1 through 122 herein of this Complaint as if set forth at full length.

124.    Defendant eBay has a duty to exercise reasonable care in the advertising, promoting, distributing, inspecting, marketing, selling, and testing of its products, including the subject e-scooter, so as not to subject its consumers to injury.

125.    To do so, in part, Defendant had a continuing duty to monitor its site, the products sold on it, and publicly available information about those products, including the product at issue here and eScooters in general, to identify risks, control the risks, and assure the risk controls were effective.

126.    Defendant acted upon this duty with several other product groups besides e-scooters.

127.    Defendant failed to exercise such reasonable care and acted negligently and/or with reckless indifference to the rights and safety of its consumers, including the Plaintiff, generally and in the following respects:

   a.   Choosing to not exercise its power and control to prohibit or restrict the product from being sold in the first place.

   b.   Promoting, marketing, advertising, and/or selling the e-scooter in a manner that the ordinary consumer would believe included a reasonably safe system for use and for securing the handlebars in an upright position, which it did not;

   c.   Providing a product with a dangerous condition making it unreasonably dangerous, defective, and unsafe for its intended use, and allowing it to enter the stream of commerce;

   d.   Failing to conduct a proper safety/hazard analysis and address the hazard of the handlebar securing mechanism of the subject e-scooter;

   e.   Defendant eBay knew or should have known of the risks and dangers associated with the e-scooter, yet failed to act to promote safety and minimize the risks of injury;

   f.   Violating applicable standards of care and failing to provide the product with features, elements, precautions, and/or warnings that would have made it safer;

g.  In marketing, promoting, advertising, and selling the e-scooter in a manner that the ordinary consumer, including Plaintiff, would believe that it was a safe product, when in fact it was not; and

h.  Failing to monitor properly the risks associated with e-scooters and failing to take corrective and preventive actions to eliminate or control those risks, including, but not limited to:

   i.  Monitoring posts, comments, complaints, transactions, and other information readily available to it through its websites, communication mediums, and public forum to identify and control risks to consumers, including Plaintiff;

   ii.  Evaluating the risks presented by e-scooters;

   iii.  Providing warnings, instructions, and/or other information to prospective buyers, including Plaintiff; and

   iv.  Removing dangerous e-scooters, including the one at issue, from its network (i.e., disallow transactions of dangerous e-scooters)

128.   Defendant knew or should have known that its failure to exercise ordinary care would injure consumers  as described herein this Complaint.

129.   Defendant's negligent design caused Plaintiff's injuries.

130.   Defendant's negligent failure to warn caused Plaintiff's injuries.

131.   As a direct and proximate result of Defendant eBay's negligence and/or recklessness, Plaintiff sustained severe and permanent injuries, including, but not limited to the following:

a.  Tri-malleolar fracture of the right ankle;

b.  Surgical procedure for open reduction and internal fixation of the right ankle tri-malleolar fracture;

c.  Severe pain;

d.  Swelling;

e.  Numbness in lower right extremity;

    f.   Limited strength, range of motion, and movement;

    g.   Limited ability to stand, walk, and run;

    h.   Permanent scarring and disfigurement;

    i.   Contusions and abrasions;

    j.   Emotional and mental distress;

    k.   Severe shock, strain, or sprain of the nerves, ligaments, tendons, tissues, vessels and muscles of the body and musculoskeletal system; and

    l.   Other serious, severe, and permanent injuries the extent of which are not known to the Plaintiff at this time.

132.    As a direct and proximate result of Defendant eBay's negligence and/or recklessness as described above, Plaintiff has sustained the following damages:

    a.   She has endured and will continue to endure physical and mental pain, suffering, anguish, and inconvenience;

    b.   Embarrassment and humiliation;

    c.   Impairment of her general health, strength and vitality;

    d.   Loss of the ability to enjoy the pleasures of life;

    e.   Permanent scarring and disfigurement;

    f.   She has been and will be required to expend large sums of money in the future for medical attention, hospitalization, medical supplies, medical appliances, and various other medical services;

    g.   She has suffered various out of pocket expenses;

    h.   She has suffered a loss of wages and her earning power and capacity have been reduced and permanently impaired; and

    i.   Other losses which are not known to the Plaintiff at this time.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiff, Kendra Fouse, and against Defendant eBay, in an amount in excess of the

jurisdictional limits of this Honorable Court, plus court costs, attorney's fees, and any additional relief this Honorable Court deems appropriate.

**COUNT IV**

**BREACH OF EXPRESS AND IMPLIED WARRANTIES**

**Plaintiff, Kendra Fouse v. Defendant, eBay Inc.**

133.    Plaintiff incorporates by reference paragraphs 1 through 132 herein of this Complaint as if set forth at full length.

134.    Defendant, in connection with its business activities described, above, made both express and implied warranties with regard to the subject e-scooter, warranting that the product was safe, fit for its intended use and for Plaintiff's particular purpose, or merchantable quality, and that the e-scooter was not defective.

135.    Defendant eBay knew that Plaintiff would rely on it to provide a product for consumer purposes, thereby impliedly warranting that the goods it promoted, advertised, marketed, sold and/or otherwise brought into the stream of commerce, including the subject e-scooter, would in fact be safe and suitable for Plaintiff's particular purpose.

136.    In reliance on Defendant eBay's skill and judgment and the implied warranties of fitness for that purpose, Plaintiff used the e-scooter in its intended manner.

137.    The warranties described above were false, misleading, and inaccurate in that the e-scooter was unsafe, unfit for its intended use, and for Plaintiff's particular purpose, not of merchantable quality, and defective.

138.    As a direct and proximate result of Defendant eBay's breaches of express warranty and breach of implied warranties of merchantability and fitness for a particular purpose,

Plaintiff suffered serious injuries and damages while using the subject e-scooter for its warranted use and intended purpose.

139.   As a direct and proximate result of Defendant eBay's breaches, Plaintiff sustained severe and permanent injuries, including, but not limited to the following:

   a.   Tri-malleolar fracture of the right ankle;

   b.   Surgical procedure for open reduction and internal fixation of the right ankle tri-malleolar fracture;

   c.   Severe pain;

   d.   Swelling;

   e.   Numbness in lower right extremity;

   f.   Limited strength, range of motion, and movement;

   g.   Limited ability to stand, walk, and run;

   h.   Permanent scarring and disfigurement;

   i.   Contusions and abrasions;

   j.   Emotional and mental distress;

   k.   Severe shock, strain, or sprain of the nerves, ligaments, tendons, tissues, vessels and muscles of the body and musculoskeletal system; and

   l.   Other serious, severe, and permanent injuries the extent of which are not known to the Plaintiff at this time.

140.   As a direct and proximate result of Defendant eBay's breaches as described above, Plaintiff, Kendra Fouse, has sustained the following damages:

   a.   She has endured and will continue to endure physical and mental pain, suffering, anguish, and inconvenience;

   b.   Embarrassment and humiliation;

   c.   Impairment of her general health, strength and vitality;

d.  Loss of the ability to enjoy the pleasures of life;

e.  Permanent scarring and disfigurement;

f.  She has been and will be required to expend large sums of money in the future for medical attention, hospitalization, medical supplies, medical appliances, and various other medical services;

g.  She has suffered various out of pocket expenses;

h.  She has suffered a loss of wages and her earning power and capacity have been reduced and permanently impaired; and

i.  Other losses which are not known to the Plaintiff at this time.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiff, Kendra Fouse, and against Defendant eBay, in an amount in excess of the jurisdictional limits of this Honorable Court, plus court costs, attorney's fees, and any additional relief this Honorable Court deems appropriate.

## COUNT V

## MISREPRESENTATION

### Plaintiff, Kendra Fouse v. Defendant, eBay Inc.

141.   Plaintiff incorporates by reference paragraphs 1 through 140 herein of this Complaint as if set forth at full length.

142.   Defendant eBay promoted, advertised, marketed, labeled and sold the subject e-scooter in a manner that misrepresented material facts concerning the character and quality of the product. Said misrepresentations included, but were not limited to, statements that the product was safe, that the product was guaranteed, that product was safe for its intended use, and the product was free from defects.

143.    Defendant eBay knew, or should have known, that its promotions, advertisements, marketing, labeling and sales which were made to the consuming public, including the Plaintiff, were false and misleading in material ways.

144.    Defendant eBay intended that the consuming public, including Plaintiff, would rely upon its false and misleading misrepresentations, and knew that the consumers, including Plaintiff, would be unaware that its representations about the product were false.

145.    Plaintiff justifiably and reasonably relied on these misrepresentations when using the product.

146.    Said misrepresentations violated Section 402B of the Restatement (Second) of Torts, and entitles Plaintiff to recover the damages which are pleaded herein.

147.    As a direct and proximate result of Defendant eBay's misrepresentations as described above, Plaintiff, Kendra Fouse, sustained severe and permanent injuries, including, but not limited to the following:

    a.   Tri-malleolar fracture of the right ankle;

    b.   Surgical procedure for open reduction and internal fixation of the right ankle tri-malleolar fracture;

    c.   Severe pain;

    d.   Swelling;

    e.   Numbness in lower right extremity;

    f.   Limited strength, range of motion, and movement;

    g.   Limited ability to stand, walk, and run;

    h.   Permanent scarring and disfigurement;

    i.   Contusions and abrasions;

    j.   Emotional and mental distress;

k.  Severe shock, strain, or sprain of the nerves, ligaments, tendons, tissues, vessels and muscles of the body and musculoskeletal system; and

l.  Other serious, severe, and permanent injuries the extent of which are not known to the Plaintiff at this time.

148.  As a direct and proximate result of Defendant eBay's misrepresentations as described above, Plaintiff, Kendra Fouse, has sustained the following damages:

a.  She has endured and will continue to endure physical and mental pain, suffering, anguish, and inconvenience;

b.  Embarrassment and humiliation;

c.  Impairment of her general health, strength and vitality;

d.  Loss of the ability to enjoy the pleasures of life;

e.  Permanent scarring and disfigurement;

f.  She has been and will be required to expend large sums of money in the future for medical attention, hospitalization, medical supplies, medical appliances, and various other medical services;

g.  She has suffered various out of pocket expenses;

h.  She has suffered a loss of wages and her earning power and capacity have been reduced and permanently impaired; and

i.  Other losses which are not known to the Plaintiff at this time.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiff, Kendra Fouse, and against Defendant eBay, in an amount in excess of the jurisdictional limits of this Honorable Court, plus court costs, attorney's fees, and any additional award this Honorable Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kendra Fouse, seeks the following relief:

    A.  Compensatory damages including compensation for pain and suffering and physical injury, to the fullest extent permitted by law

    B.  Recovery of her loss of wages and her earning power and capacity that have been reduced and permanently impaired

    C.  Recovery of any and all out of pocket expenses

    D.  Punitive damages, monetary penalties and prejudgment interest to the fullest extent permitted under the law

    E.  Litigation costs, expenses, and attorney's fees; and

    F.  Any other further relief as this Honorable Court deems just and proper.

## DEMAND FOR A JURY TRIAL

WHEREFORE, Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,

*/s/ Lawrence E. Gurrera, II, Esq.*
Lawrence E. Gurrera, II, Esquire
ID# 306738
GURRERA LAW, LLC
P.O. Box 5408
Pittsburgh, PA 15206
Tel: (412) 229-7757
E-Mail: lawrence@gurreralaw.com

*/s/ Thomas W. Keilty, III, Esq.*
Thomas W. Keilty, Esq. (pro hac vice forthcoming)
KEILTY BONADIO, LLC
1 South St., Suite 2125
Baltimore, MD 21202
Tel: (410) 469-9953

E-Mail: tkeilty@kblitigation.com

*/s/ Justin Browne, Esq.*
Justin Browne, Esq. (pro hac vice forthcoming)
KETTERER, BROWNE & ASSOCIATES, LLC
336 S. Main Street
Bel Air, MD 21014
Tel: (410) 885-6267
Fax: (855) 572-4637
E-Mail: justin@kbaattorneys.com

*Attorneys for Plaintiff, Kendra Fouse.*